Jeffrey T. Bolson (SBN 99139) E-mail: jbolson@hahnbolsonllp.com
HAHN & BOLSON, LLP
21250 Hawthorne Blvd., Suite 500, Torrance, CA 90503
Tel: 310-792-7406 Fax: 310-792-7407

Jonathan I. Feil (WSBA 14166) E-mail: jfeil@sksp.com
SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525, Seattle, WA 98104-4089
Tel: 206-382-2600 Fax: 206-223-3929
*Pro Hac Vice Application Pending*

Attorneys for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TADIN, INC., a California corporation; and JOSE M. GONZALEZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ABG HOLDINGS, INC., a Washington corporation formerly known as LABORATORIOS NUEVA ERA, INC.; ANTONIO GARCIA, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | CV11 04902 GW (FFMx) <br><br> NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants ABG HOLDINGS, INC. and ANTONIO GARCIA (collectively the "Defendants") remove to this Court the state action described below.

1

NOTICE OF REMOVAL

1.     On May 6, 2011, an action was commenced in the Superior Court of the State of California for the County of Los Angeles, entitled TADIN, INC., a California corporation; and JOSE M. GONZALEZ, an individual, Plaintiffs  v. ABG HOLDINGS, INC., a Washington corporation formerly known as LABORATORIOS NUEVA ERA, INC.; ANTONIO GARCIA, an individual; and DOES 1 through 20, inclusive, Defendants, as Case Number BC 461038. A copy of the Complaint is attached hereto as Exhibit A.

2.     The latest date upon which any removing defendant received a copy of said complaint was May 14, 2011, when defendant Antonio Garcia was served by substitute service at his residence in the State of Washington with a copy of said complaint and a summons from said state court. A copy of the summons is attached hereto as Exhibit B.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and in one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as stated in the Complaint, which alleges not less than $500,000 in damages.

4.     Defendants are informed and believe that each of the plaintiffs was at all times relevant to this action, and still is, a citizen of California. Plaintiff

2

NOTICE OF REMOVAL

Tadin, Inc. is incorporated under the laws of the State of California and has its principal place of business in the State of California. Plaintiff Jose M. Gonzalez is an individual resident of the State of California. Each of the defendants was, at the time of the filing of this action, and still is, a citizen of the State of Washington.

5. All defendants who have been properly served join in this notice of removal. The complaint herein also designates additional defendants by fictitious names (DOES 1 through 20, inclusive). However, the complaint does not allege claims against any person other than Defendants, nor does it allege any facts claimed to render any such fictitious defendant liable to plaintiffs. For purposes of removal, the defendants sued under the fictitious names are disregarded under 28 U.S.C. §1441(a).

DATED: June 7, 2011

HAHN & BOLSON, LLP

Jeffrey T. Bolson (SBN 99139)

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

Jonathan I. Feil (WSBA 14166)
*Pro Hac Vice Application Pending*

Attorneys for Defendants

3

NOTICE OF REMOVAL

# Exhibit A
# Complaint

NOTICE OF REMOVAL

Steven L. Feldman/SBN 061095
Steven L. Crane/SBN 100627
**GOLDFARB, STURMAN & AVERBACH**
15760 Ventura Boulevard, Suite 1900
Encino, California 91436-3012
(818) 990-4414 / Fax No. (818) 905-7173

Attorneys for Tadin, Inc., a California Corporation
and Jose M. Gonzalez, an individual

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 06 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TADIN, INC., a California corporation; JOSE M. GONZALEZ, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ABG HOLDINGS, INC., a Washington corporation formerly known as LABORATORIOS NUEVA ERA, INC.; ANTONIO GARCIA, an individual, and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. BC461038 <br><br> **COMPLAINT FOR:** <br><br> **1. MISREPRESENTATION;** <br><br> **2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** <br><br> **3. BREACH OF CONTRACT/WARRANTY; AND** <br><br> **4. UNFAIR BUSINESS COMPETITION** <br> **[Bus. & Pro. Code § 17200]** |

Plaintiffs Tadin, Inc., a California corporation and Jose M. Gonzalez, an individual, hereby allege against the defendants, and each of them, as follows:

X:\200507\001\00149858.DOC

COMPLAINT

## GENERAL ALLEGATIONS

1.    Plaintiff Tadin, Inc. ("Tadin") is a corporation, duly organized and existing under the laws of the State of California, which has and has had its principal place of business in the City of Vernon in the County of Los Angeles, California, at all times relevant to the matters alleged in this complaint.

2.    Plaintiff Jose M. Gonzalez is an individual who is and was, at all times relevant to the matters alleged in this complaint, a resident of Los Angeles County, California. Gonzalez is the president and chief executive officer of Tadin. Gonzalez and Tadin are collectively referred to as plaintiffs.

3.    Plaintiff is informed and believed that defendant ABG Holdings, Inc. ("ABG") purports to be a corporation formed under the laws of the State of Washington and was, at the time of formation of the contract hereinafter alleged, known as "Laboratorios Nueva Era, Inc."

4.    Defendant Antonio Garcia is an individual and is and was, at all times relevant to the matters hereinafter alleged, the president of ABG.

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as Does 1 through 20, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names, and their true names and capacities will be incorporated herein by appropriate amendment when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is responsible in some manner for the injuries and damages upon which suit is herein brought.

6.    Plaintiffs are informed and believe and thereon allege that each of the defendants, including but not limited to Does 1 through 20, inclusive, and each of them, were and are the agents, employees, co-venturers, servants, partners, principals, masters, employers, co-conspirators, alter egos, and/or associates of the remaining defendants, and each or all of them, and at all times relevant were acting within the course and scope of such agency, service, employment, partnership and/or association.

7.    Each and every reference to "defendant" or "defendants" in this Complaint is

-2-
COMPLAINT

intended and shall be deemed and construed to be a reference to all of the defendants, named and unnamed, including fictitiously named defendants, against whom a cause of action has been brought.

8.    The allegations of this complaint and factual contentions made herein on information and belief have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9.    The contract as hereinafter alleged was negotiated in and entered into in Los Angeles County, California and said contract was to be performed and has been partially performed in said County and State; and the misrepresentations and other wrongs herein alleged were made in and intended to induce and did induce action in Los Angeles County, California.

**FIRST CAUSE OF ACTION**

**(Misrepresentation by plaintiffs against All Defendants, and each of them)**

10.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 9 of this complaint as though set forth in full in this cause of action.

11.    Prior to November 10, 2010, ABG was in the business of manufacturing, packaging and selling tea bags of purportedly proprietary herbal tea mixtures that were sold in packages of five bags per package under the trade name "Dona Remedios" (the "Tea Products"). Tadin was and remains in the business of packaging and selling herbal remedies, teas and supplements to distributors and retail grocery stores and markets as well as directly to consumers online.

12.    On our about November 10, 2010, Tadin, Gonzalez, ABG and Garcia entered into an "Agreement of Purchase and Sale of Assets" ("Agreement") under which ABG agreed to sell to Tadin: (1) trademarks, trade names and other associated intellectual property related to the Tea Products; (2) a website and web address through which Tea Products had been marketed; (3) recipes for the manufacture of the Tea Products; (4) equipment used to manufacture the Tea Products; (5) certain inventory; (6) "information and data concerning [ABG's] manufacturing processes, pricing data, [and] sales data,…"; (7) the name "Laboratorios Nueva Era, Inc."; and (8) the goodwill of ABG.  As a part of the Agreement, ABG and Garcia entered into a non-compete

X:\200507\001\00149858.DOC

-3-

COMPLAINT

agreement with Tadin.

13.   Under the Agreement, ABG also agreed to provide a schedule at closing of "a correct and current list of all of" ABG's "current customers and former customers during the prior three years, together with summaries of sales made to each customer during the fiscal year ended December 31, 2009." Both ABG and Garcia expressly warranted in the Agreement they had "no information, or are aware of any facts, indicating that any of these customers intend to cease doing business with…[ABG] or materially alter the amount of business they are presently doing with [ABG]…"

14.   ABG and Garcia also warranted and promised that each of their representations in the Agreement were true in all material respects.   They further warranted and represented that all of their obligations would be performed prior to closing.

15.   In exchange for ABG's and Garcia's performance, Tadin agreed to pay ABG and Garcia a total of $390,000, of which $90,000 was to be paid at the closing on November 10, 2010 (the same date the Agreement was executed) with the balance to be paid in accordance with a $300,000 promissory note (Note) secured by certain assets of Tadin pursuant to a security agreement ("Security Agreement") and by Gonzalez's personal guarantee ("Guarantee"). Tadin in fact paid ABG $100,000 at the closing and has since made monthly payments on the note totaling over $39,800..

16.   Tadin and Gonzalez were induced to enter into the Agreement, and the related Note, Security Agreement and Guaranty and plaintiffs were also induced to make the payments described above as a result of their reasonable reliance on misrepresentations made by Garcia and ABG that were intended to so induce plaintiffs, in that, *inter alia*:

A.   Garcia, acting for himself and the other defendants, gave Gonzalez and Tadin a purported list of some 69 customers that was intended to be and that became an Exhibit to the Agreement, which Garcia represented to be a list of the "active customers" for the Tea Products manufactured and sold by ABG and also represented that to the best of defendants' knowledge that such "active" customers had no intent to cease doing business with ABG or to reduce their orders. In truth and in fact, however, as was well known to Garcia and the other defendants at the time the

list was delivered to plaintiffs, virtually all of the purported "active" customers had previously ceased doing business with ABG and/or intended to substantially reduce or terminate orders for the Tea Products;

B. Garcia, acting for himself and the other defendants, gave Gonzalez and Tadin a purported financial statement for ABG for the nine month period ending September 30, 2010 that was intended to be and that became an Exhibit to the Agreement, in which Garcia represented that ABG had gross sales in that period of more than $321,000. Plaintiffs are informed and believe, however, and thereon allege that defendants' gross sales for that period were far below the $321,000 represented; and

C. Garcia acting for himself and the other defendants represented that "formulas" for its Tea Products that Garcia gave to Gonzalez and Tadin and that were intended to be and that became an Exhibit to the Agreement concerning the manufacturing of the Tea Products, were true and not misleading in any material respect. The "formulas," however, did not mention the quantity of the various herbal materials in each bag whereas the packaging for the Tea Products represented that the bags of Tea Product contained one gram of herbal tea mixture per bag but, in fact, each bag in the sealed packages contained closer to two grams of herbal mixture per bag. Therefore, the bags were mislabeled and misbranded. Moreover, in order to continue to meet customer expectations concerning the Tea Products, Tadin would be required to keep the same weight of herbal material in each bag (2 grams instead of the label representation of 1 gram) and therefore incur additional material costs (an additional 1 gram of tea per bag) and additional costs according to proof, in order to meet consumer expectations of the strength of the Tea Products. Defendants' misrepresentations concerning the actual weight of materials used in the manufacture of bags was intentional in that Garcia knew that the tea bags were being manufactured in excess of the weight represented on ABG's packaging months before the negotiation of the Agreement.

D. Plaintiffs continue to ascertain additional misrepresentations and concealment of facts as the investigation continues, and these additional matters will be supplied according to proof as they are ascertained through investigation, experience and discovery in this case.

17. The Agreement was negotiated over a period of approximately only two weeks

preceding the combined execution and closing date on November 10, 2010. The Agreement was negotiated over such a brief period of time and there was no actual closing period provided for . because Garcia represented to Gonzalez that Garcia was suffering from terminal cancer, had little survival time, and as a consequence the transaction would not be completed at all unless plaintiffs negotiated and consummated the sale with extreme speed.

18. Gonzalez and Tadin relied on the statements and written representations made by Garcia in the negotiation of and in the schedules, exhibits and attachments to the Agreement that Garcia falsely represented to be accurate concerning the operation of ABG and the Tea Products and were thereby induced to consummate the transaction on November 10, 2010. Plaintiffs reliance on the matters and facts concealed and misrepresented was reasonable. Plaintiffs could not and did not learn that defendants had misrepresented their active customer list or defendants' sales until they began contacting those customers after the closing for the Agreement. Garcia and the other defendants intentionally arranged the negotiation and closing quickly so that plaintiffs would be forced to rely on defendants' false statements and written representations about ABG and the Tea Products as set forth above.

19. Plaintiffs did not learn of mislabeling and misbranding of the Tea Products until they received customer complaints. Plaintiffs have now also been informed by a potential customer who had - - months prior to the Agreement - - told Garcia and ABG that the tea bags contained 2 grams of tea instead of 1 gram as labeled. Plaintiffs did not learn of the misrepresentation of the number of active customers, the financial condition of the business of ABG, and other matters according to proof (paragraphs 16 A, B and D), until after the consummation of the transaction.

20. Plaintiffs had requested rescission of the Agreement prior to the filing of this complaint. By this complaint plaintiffs hereby demand rescission and do hereby rescind the Agreement and the related Note, Security Agreement and Guaranty and do hereby offer to restore to defendants all consideration received by plaintiffs pursuant to and as a result thereof, less attorney fees and costs incurred by plaintiffs, and on condition that plaintiffs receive restitution of all amounts paid pursuant to the Agreement and Note.

21. Plaintiffs are entitled to rescission of the Agreement and the related Note, Security

X:\200507\001\00149858.DOC
-6-
COMPLAINT

Agreement and Guaranty because they reasonably relied on the previously described concealment and misrepresentations by defendants upon which they reasonably relied and were thereby induced to enter into the Agreement, Note, Security Agreement and Guaranty and restitution of all amounts paid pursuant to the Agreement and Note.   Plaintiffs have no adequate remedy at law.

22.     Alternatively, plaintiffs have incurred and will continue to incur damages based on the difference between the value of the assets sold as represented by defendants and the actual fair market value of the assets received, general damages and additional consequential damages, including but not limited to, the increased costs of materials for the Tea Product, developing customers, loss of profits due to the loss of customers and attorney fees and other expense related to the concealment, misrepresentations, mislabeling and misbranding of the Tea Products , all in an amount not less than $500,000, plus additional sums according to proof.

23.     In addition to rescission and restitution or, alternatively, recovery of damages, plaintiffs are also entitled to an award of punitive damages in an amount to be determined by the trier of fact in that the conduct of defendants as hereinabove alleged was intentional and despicable,  performed with malice and oppression and with the intent to defraud plaintiffs.

24..     Pursuant to the Agreement, plaintiffs are also entitled to recovery of their attorneys and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing alleged by plaintiffs against the defendants, and each of them)**

25.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 22 and 24 inclusive of this complaint as though set forth in full in this cause of action.

26.     Every contract contains an implied covenant of good faith and fair dealing in all contracts to ensure that neither party will do anything that will injure the right of the other party to receive the benefits of the agreement.  Garcia, acting for himself and the other defendants, breached this covenant when:

A.     He gave Gonzalez and Tadin a purported list of some 69 customers that was intended to be and that became an Exhibit to the Agreement, represented to be a list of the "active

X:\200507\001\00149858.DOC                -7-
COMPLAINT

customers" for the Tea Products manufactured and to the best of defendants' knowledge that such "active" customers had no intent to cease doing business with ABG or to reduce their orders, when it was well known to Garcia and the other defendants at that virtually all of the purported "active" customers had previously ceased doing business with ABG and/or substantially reduced their orders for the Tea Products;

B.  He gave Gonzalez and Tadin a purported financial statement for ABG for the nine month period ending September 30, 2010 that was intended to be and that became an Exhibit to the Agreement that (as plaintiffs are informed and believe) intentionally overstated defendants' gross sales for that period for the purpose of misleading plaintiffs; and

C.  He gave Gonzalez and Tadin so-called "formulas" that were intended to be and that became an Exhibit to the Agreement concerning the manufacturing of the Tea Products, and represented to be true and not misleading in any material respect, but which did not mention that although the packaging for the Tea Products represented that the bags of Tea Product contained one gram of herbal tea mixture per bag, in fact, each bag in the sealed packages contained closer to two grams of herbal mixture per bag, and were therefore mislabeled and mislabeled.

D.  Other facts and matters according to proof.

27.  Plaintiffs are entitled to rescission of the Agreement and the related Note, Security Agreement and Guaranty because defendants breached the implied covenant of good faith and fair dealing by misrepresenting material matter that defendants were required to truthfully state without material inaccuracy by the terms of Agreement.

28.  Alternatively, plaintiffs have incurred and will continue to incur damages based on the difference between the value of the assets sold as represented by defendants and the actual fair market value of the assets received, as well as other general damages and additional consequential damages, including but not limited to, the increased costs of materials for the Tea Product, developing customers, loss of customers and profit and attorney fees and other expense related to the mislabeling, all in an amount not less than $500,000, and additional sums according to proof.

29.  Pursuant to the Agreement, plaintiffs are also entitled to recovery of their attorneys and costs incurred in bringing this action.

## THIRD CAUSE OF ACTION

**(Breach of Contract alleged by plaintiffs against defendants, and each of them)**

30.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 19 of this complaint as though set forth in full in this cause of action.

31.     Defendants were required by the express terms of the Agreement to provide truthful information that was not materially misleading

32.     Garcia, acting for himself and the other defendants, breached the Agreement when

A.     He gave Gonzalez and Tadin a purported list of some 69 customers that was intended to be and that became an Exhibit to the Agreement, represented to be a list of the "active customers" for the Tea Products manufactured and to the best of defendants' knowledge that such "active" customers had no intent to cease doing business with ABG or to reduce their orders, when it was well known to Garcia and the other defendants at that virtually all of the purported "active" customers had previously ceased doing business with ABG and/or substantially reduced their orders for the Tea Products;

B.     He gave Gonzalez and Tadin a purported financial statement for ABG for the nine month period ending September 30, 2010 that was intended to be and that became an Exhibit to the Agreement that (as plaintiffs are informed and believe) intentionally overstated defendants' gross sales for that period for the purpose of misleading plaintiffs; and

C.     He gave Gonzalez and Tadin so-called "formulas" that were intended to be and that became an Exhibit to the Agreement concerning the manufacturing of the Tea Products, and represented to true and not misleading in any material respect, but which did not mention that although the packaging for the Tea Products represented that the bags of Tea Product contained one gram of herbal tea mixture per bag, in fact, each bag in the sealed packages contained closer to two grams of herbal mixture per bag, and were therefore mislabeled and misbranded.

D.     Other facts and matters according to proof.

33.     Alternatively, plaintiffs have incurred and will continue to incur damages based on the difference between the value of the assets sold as represented by defendants and the actual fair market value of the assets received, as well as other general damages and additional consequential

X:\200507\001\00149858.DOC

-9-

COMPLAINT

damages, including but not limited to, the increased costs of materials for the Tea Product, developing customers, loss of customers and profits and attorney fees and other expense related to the mislabeling and misbranding, all in an amount not less than $500,000, and additional sums according to proof.

34.    Pursuant to the Agreement, plaintiffs are also entitled to recovery of their attorneys and costs incurred in bringing this action.

## FOURTH CAUSE OF ACTION

### (Unfair Business Competition against all defendants)

35.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 20 and 22 through 27 of this complaint as though set forth in full in this cause of action.

36.    Defendants engaged in a deceptive and unfair business practice under California Business and Professions Code § 17200 by selling mislabeled goods to consumers and by deceiving plaintiffs into acquiring the business that was based on the sale of the mislabeled goods. Such activity is unlawful as set forth in Title 15 of the United States Code, which states in pertinent part in sections 1542 et seq.:

§ 1452. Unfair and deceptive packaging and labeling; scope of prohibition

(a) Nonconforming labels

It shall be unlawful for any person engaged in the packaging or labeling of any consumer commodity (as defined in this chapter) for distribution in commerce, or for any person (other than a common carrier for hire, a contract carrier for hire, or a freight forwarder for hire) engaged in the distribution in commerce of any packaged or labeled consumer commodity, to distribute or to cause to be distributed in commerce any such commodity if such commodity is contained in a package, or if there is affixed to that commodity a label, which does not conform to the provisions of this chapter and of regulations promulgated under the authority of this chapter.

§ 1453. Requirements of labeling; placement, form, and contents of statement of quantity; supplemental statement of quantity

(a) Contents of label

X:\200507\001\00149858.DOC

-10-

COMPLAINT

No person subject to the prohibition contained in section 1452 of this title shall distribute or cause to be distributed in commerce any packaged consumer commodity unless in conformity with regulations which shall be established by the promulgating authority pursuant to section 1455 of this title which shall provide that--

(1) The commodity shall bear a label specifying the identity of the commodity and the name and place of business of the manufacturer, packer, or distributor;

(2) The net quantity of contents (in terms of weight or mass, measure, or numerical count) shall be separately and accurately stated in a uniform location upon the principal display panel of that label, using the most appropriate units of both the customary inch/pound system of measure, as provided in paragraph (3) of this subsection, and, except as provided in paragraph (3)(A)(ii) or paragraph (6) of this subsection, the SI metric system...

37.     It was therefore a violation of Business & Professions Code §§ 17200 for defendants to sell a business to Tadin in which virtually all of the goods manufactured, marketed and by ABG had been unlawfully sold to consumers.

38.     Plaintiffs are entitled to rescission of the Agreement and the related Note, Security Agreement and Guaranty and restitution of all sums paid under the Agreement and Note.

39.     Plaintiffs are also entitled to attorney's fees and costs.

### PRAYER

WHEREFORE, plaintiffs pray for relief against defendants and each of them as follows:

1.     On their first cause of action for: (a) (i) rescission and restitution or (ii) alternatively (b) damages in an amount of not less than $500,000; and (b) punitive damages;

2.     On their second cause of action for: (a) rescission and restitution or, alternatively, (b) damages in an amount of not less than $500,000;

3.     On their third cause of action for: (a) rescission and restitution or, alternatively, (b) damages in an amount of not less than $500,000;

4.     On their fourth cause of action for rescission and restitution and attorney's fees costs;

X:\200507\001\00149858.DOC

-11-

COMPLAINT

5.    On all causes of action, recovery of attorney's fees and costs as costs of suit; and

6.    For such other and further relief as the court deems just and equitable.


DATED:  May 5, 2011

LAW OFFICES
GOLDFARB, STURMAN & AVERBACH


By: _____
Steven L. Crane
Attorneys for Plaintiffs,
Tadin, Inc. and Jose M. Gonzalez

X:\200507\001\00149858.DOC

-12-
COMPLAINT

**Exhibit B**
**Summons**

NOTICE OF REMOVAL

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** ABG HOLDINGS, INC., a Washington
*(AVISO AL DEMANDADO):* corporation formerly known as
LABORATORIOS NUEVA ERA, INC.; ANTONIO GARCIA, an
individual, and DOES 1 through 20, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 06 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**YOU ARE BEING SUED BY PLAINTIFF:** TADIN, INC., a California
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* corporation; and JOSE
M. GONZALEZ, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET
LOS ANGELES, CA 90012-3012
CENTRAL DISTRICT

CASE NUMBER:
*(Número del Caso):*
BC461038

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

STEVEN L. FELDMAN/SBN 061095
STEVEN L. CRANE/SBN 100627
GOLDFARB, STURMAN & AVERBACH
15760 Ventura Blvd., #1900, Encino, CA 91436-3012

(818)990-4414 Fax: (818)990-4414

D. Swain

DATE: MAY 06 2011
*(Fecha)*

John A. Clarke Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465